IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT

04 DEC 22 PM 3:21

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| HEIDI HARRIS ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO.: |
| ) | |
| RICHMOND COMMUNITY SCHOOL ) | 1:04-cv-2078-LJM-WTL |
| CORPORATION, by PRESIDENT, ) | |
| BOARD OF TRUSTEES ) | |

**COMPLAINT FOR EMPLOYMENT OF
DISCRIMINATION AND WRONGFUL DISCHARGE**

Comes now the Plaintiff, Heidi Harris, and for her Complaint for Employment Discrimination, and for Wrongful Discharge shows as follows:

### I. PARTIES

1. Plaintiff Heidi Harris, resides at 1606 South Seventh Street, Richmond, Indiana 47374.

2. Defendant, Richmond Community School Corporation, is a domestic municipal corporation doing business in Indiana with its principal office located at 300 Hub Etchison Drive, Richmond, Indiana 47374.

### II. BASIS OF CLAIM AND JURISDICTION

3. Plaintiff present a claim arising under the statute and laws of the United States of America, 42 U.S.C. Section 2000e-5, specifically Title VII of the Civil Rights Act of 1964, as amended.

4. Jurisdiction is based on 28 U.S.C. Section 1331 and Section 1343 (a).

5. Plaintiff seeks to invoke the Court's ancillary jurisdiction over pendant state claims for wrongful discharge, as well.

### III. STATEMENT OF LEGAL CLAIM

6. Plaintiff Heidi Harris filed her Complaint for employment discrimination with the Equal Employment Opportunity Commission on July 28th, 2004 setting forth that she was being

discriminated against for having filed a prior EEOC charge against Defendant. A copy of said charge is attached here to as Exhibit A.

8. That a "Notice of Right to Sue" notification was issued by the Equal Employment Opportunity Commission on or about September 27, 2004.

9. The instant action is being timely filed within ninety days of the Plaintiff's receipt of the Notice of Right to Sue notification.

10. Plaintiff Heidi Harris brings this claim for Defendant Richmond Community School Corporation's violation of Title VII, as amended, 42 U.S.C. 2000e-5, as Defendant discriminated against the Plaintiff in her employment relationship with Defendant due to her gender and for filing a prior EEOC claim, and in retaliation thereof. Plaintiff Harris was reprimanded, and disciplined, and subjected to disparate treatment and in a manner that other employees were not treated,, for similar actions taken at Defendant's workplace by Defendant's management.

11. Defendant further discharged Plaintiff on June 29, 2004 for asserting her rights as stated herein.

## IV. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

12. Plaintiff Harris was employed by Defendant Richmond Schools for approximately three (3) years; and during such time was subjected to harassment, which led to the filing of a EEOC complaint against Defendant Richmond Schools. That complaint was resolved in Plaintiff's favor.

13. Thereafter, Plaintiff, during her employment, was terminated for allegedly not scheduling evaluations from her supervisors. During her employment prior to termination, she had been given good evaluations from Defendant as to her employment. At the time that Defendant was purportedly requiring Plaintiff to schedule evaluations, the Defendant Richmond Schools had already taken steps to terminate Plaintiff before the need for such evaluations from her supervisor was conveyed to her. Plaintiff asserts that the termination was therefore in retaliation for her prior successful EEOC charge, and due to her gender, and that any alleged reasons for termination were untrue and pretextual.

14. Plaintiff thereafter on July 28th, 2004 timely filed her complaint with the Equal Employment Opportunity Commission and after receiving her notice of right to sue issued September 27, 2004, timely commenced the instant suit.

## V. PRAYER FOR RELIEF

The Plaintiff, Heidi Harris, requests the Court for the following relief:

1) Compensatory damages for lost wages, lost fringe benefits
2) Compensatory damages for mental anguish and emotional distress
3) Compensatory damages for wrongful discharge
4) Compensatory damages for attorney fees incurred by Plaintiff
5) for all other just and proper relief in the premises

By *Heidi M Harris*
**HEIDI HARRIS**